IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Chapter 13 |
| | : | |
| **FRED HARRIS, JR.,** | : | Case No. **16-22836-GLT** |
| | : | |
| | : | Adv. No. _____ |
| *Debtors*, | : | |
| ===================================== | : | |
| **FRED HARRIS, JR.,** | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| vs. | : | |
| | : | |
| **DITECH FINANCIAL, LLC., f/k/a** | : | |
| **GREEN TREE SERVICING, LLC,** | : | |
| | : | |
| *Defendant,* | : | |

## COMPLAINT TO DETERMINE SECURED STATUS

AND NOW come the Plaintiff, FRED HARRIS, JR., by and through his Attorney, MICHAEL S. GEISLER, ESQUIRE, and files this Complaint, of which the following is a statement:

PRELIMINARY STATEMENT

1. This is a complaint to remove the lien of a first mortgage which is entirely secured and paid in full.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §1334(b) and 157(a). This is a core proceeding according to 28 U.S.C §§ 157(b)(2)(B)&(K).

## PARTIES

3. The Plaintiff is the Debtor, FRED HARRIS, JR., a/k/a FRED W. HARRIS, JR., who filed his Petition for Bankruptcy under Chapter 13 on July 31, 2016 at Case No. 16-22836-GLT.

4. The Defendant is DITECH FINANCIAL, LLC, f/k/a GREEN TREE SERVICING, LLC., whose address is P.O. Box 6154, Rapid City, SD, 57709-6154, holder of an alleged first mortgage on the Debtor's property.

## FACTUAL ALLEGATIONS

5. The Defendant's predecessor was BANK OF AMERICA, N.A., who originated a Mortgage and Note with the Debtor on June 23, 2004 in the amount of $90,000.00, requiring a monthly payment of $554.15, at 6.25% interest, over 30 years, with the first payment due 8/1/2004. This Mortgage was recorded in the Recorder of Deeds Office of

Allegheny County, Pennsylvania on June 30, 2004 at Mortgage Book Volume 28181, page 372.  A copy of that Mortgage is attached hereto as Exhibit "A". The Mortgage misdescribed the property subject to the Mortgage as 251 Highbury Road, Cheswick, PA 15024.  The metes and bounds description also describes the property as Lot 251.  The Lot and Block Number is correctly described as Lot and Block 622-J-175 in an attachment to the mortgage document.

6. On June 25, 2013, the above Mortgage was assigned to GREEN TREE SERVICING, LLC., by an Assignment of Mortgage recorded in the Allegheny County Department of Real Estate Office at Mortgage Book Volume 43038, page 332.  The Assignment of Mortgage is attached hereto as Exhibit "B".  The Assignment also misdescribes the property as 251 Highbury Road, Cheswick, PA 15024.

7. On August 13, 2015, GREENTREE SERVICING, LLC. merged with DT HOLDINGS, LLC, and DITECH MORTGAGE CORP., the surviving limited liability company was DITECH FINANCIAL, LLC., the Defendant herein.  A copy of the Merger Document is attached as Exhibit "C".

8. The Plaintiff believes that the claim of the Defendant, if any, is entirely unsecured because the subject property was misdescribed in the mortgage document.

9. The Plaintiff believes that the claim of the Defendant has been paid in full. Attached is a copy of a receipt for a certified check in the amount of $69,658.65 that was tendered to the Defendant's predecessor, BANK OF AMERICA, on November 20, 2009 and is attached hereto as Exhibit "D".

10. The Mortgage was never satisfied.

## CAUSE OF ACTION

11. U.S.C. 11 U.S.C. Section 506 (a) provides as follows:

    11 U.S.C. Section 506 (a):

    (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

    (2) If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

11. The Plaintiff believes that the claim of the Defendant is entirely unsecured pursuant to 11 U.S.C. Section 506(a).

WHEREFORE, the Plaintiff prays that this Court enter an order as follows:

A. Determining Defendant's claim to be a general unsecured claim without priority;

B. Determining Defendant's claim to be paid in full;

C. That the Defendant's lien on the Debtor's property is void and a nullity, that the mortgage is permanently divested, and released from the collateral, and that the Defendant and any and all successors and assigns are forever enjoined and barred from any and all efforts to enforce and collect on the mortgage;

D. That the order be self-executing and that neither the Plaintiff nor the Defendants, their successors and assigns, need to take any further action to satisfy the mortgage of record, and;

E. Any other relief available in the discretion of the Court.

DATED: 8/2/2017

/s/ Michael S. Geisler

_____

**MICHAEL S. GEISLER, ESQUIRE**
Pa. I.D. No. 39414
Attorney for Plaintiff

201 Penn Center Blvd., Suite 524
Pittsburgh, PA 15235
Tele:   (412) 613-2133
Fax:    (412) 372-2513
E-Mail: m.s.geisler@att.net