## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>FRED HARRIS, JR.,<br><br>              Debtors. | Chapter 13<br><br>Case No. 16-22836-GLT |
| FRED HARRIS, JR.,<br><br>              Plaintiff,<br><br>   v.<br><br>DITECH FINANCIAL LLC.,<br>f/k/a GREEN TREE SERVICING, LLC,<br><br>              Defendant. | Adversary Proceeding No. 17-02159-GLT<br><br>Doc. No. __ |

## DITECH FINANCIAL LLC'S MOTION
## TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT

Ditech Financial LLC, f/k/a Green Tree Servicing LLC ("Ditech"), through its undersigned counsel, hereby moves (this "Motion") the Court for the entry of an order dismissing Count I of the *Complaint to Determine Secured Status* [Adv. Doc. No. 1] (the "Complaint") filed by Fred Harris, Jr. (the "Plaintiff") in the above-captioned adversary proceeding (this "Adversary Proceeding") for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable to this Adversary Proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in support hereof, respectfully represents as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The relief requested herein is warranted under Federal Rule 12(b)(6), as made applicable to this Adversary Proceeding by Bankruptcy Rule 7012(b).

**FACTUAL BACKGROUND**[1]

**A.    The Mortgage Loan and Foreclosure.**

4.  On June 23, 2004, the Plaintiff obtained a loan from Bank of America, National Association ("Bank of America"). See Compl. ¶ 5.

5.  To evidence the loan, the Plaintiff executed and delivered a note (the "Note") in the principal amount of $90,000.00 with a maturity date of July 1, 2034, and an interest rate of 6.25%. See Compl. ¶ 5; Proof of Claim No. 1, Part 2 at 1.

6.  As security for the Plaintiff's obligations under the Note, the Plaintiff granted Bank of America a mortgage (the "Mortgage") on their real property. See Compl. ¶ 5; Proof of Claim No. 1, Part 2 at 5.

7.  On or about December, 2007, the Plaintiff stopped making monthly loan payments on the Note. See Proof of Claim No. 1, Part 1 at 4.

8.  On March 10, 2009, Bank of America filed a complaint in mortgage foreclosure against the Plaintiff in the Court of Common Pleas of Cambria County at Case No. MG-09-000552. On April 23, 2012, Bank of America withdrew its complaint and the case was discontinued without prejudice.

---

[1] For purposes of this Motion only, Ditech accepts the Plaintiffs' factual allegations in the Complaint as true.

9. On November 5, 2013, Ditech, as successor to Bank of America, filed a complaint in mortgage foreclosure against the Plaintiff in the Court of Common Pleas of Cambria County at Case No. MG-13-001751.

**B.    The Bankruptcy Case.**

10. On July 31, 2016, the Plaintiff filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court"). See Doc. No. 1. The chapter 13 petition stayed Ditech's foreclosure action against the Plaintiff.

11. On August 25, 2016, the Plaintiff filed a chapter 13 plan (the "Plan"). See Doc. No. 17.

12. On December 27, 2016, Ditech filed Proof of Claim No. 1 on account of the Note and the Mortgage. See Proof of Claim No. 1. Ditech listed pre-petition arrears in the amount of $64,189.86. See id.

13. On December 30, 2016, Ditech objected to the Plan on the grounds that it: (i) failed to cure Plaintiff's deficiency; and (ii) failed to include an ongoing payment for regular monthly mortgage payments. See Doc. No. 34.

14. On February 24, 2017, the Court entered an order dismissing the case for failure to comply with the requirements of the Bankruptcy Code, the Local Rules of this Court, and/or an Order of Court. See Doc. No. 39.

15. On March 10, 2017, the Debtor filed the *Motion to Reconsider Dismissal of the Case*. See Doc. No. 42.

  16. On March 14, 2017, the Court entered the *Order Granting Motion to Reconsider Dismissal of Case*.  <u>See</u> Doc. No. 45.

  17. On April 17, 2017, the Court entered the *Order of Court Confirming Plan as Modified and Setting Deadlines for Certain Actions*.  <u>See</u>  Doc. No. 48.

  18. On June 21, 2017, Ditech again objected to the Plan on the grounds that it: (i) failed to cure Plaintiff's deficiency; and (ii) failed to include an ongoing payment for regular monthly mortgage payments.  <u>See</u>  Doc. No. 51.

**C.** **The Adversary Proceeding.**

  19. On August 2, 2017, the Plaintiff filed the instant adversary proceeding.  <u>See</u> Compl.

  20. Through the Complaint, the Plaintiff alleges, *inter alia*, that (i) the Mortgage is invalid because the property description in the mortgage includes the wrong mailing address for the mortgaged property; and (ii) on or about November 2009, the Plaintiff paid Ditech's claim in full with a purported $69,658.65 check.  <u>See</u> <u>id</u>. ¶ 5, 8, 9-10.  Based on these allegations, the Plaintiff asserts a claim against Ditech for a request for determination of Ditech's secured claim.  <u>See</u> <u>id</u>. ¶¶ 11.

## RELIEF REQUESTED

  21. By this Motion, Ditech respectfully requests that the Court enter an order dismissing Count I of the Complaint with prejudice pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

## BASIS FOR REQUESTED RELIEF

  22. Count I of the Complaint seeking a determination of Ditech's secured status under section 506(a) fails to state a claim upon which relief can be granted as a matter of law and should be dismissed with prejudice.

       23. In Count I of the Complaint, the Plaintiffs assert that Ditech is entirely unsecured because the Mortgage "misdescribes" the subject property. The Plaintiff's claim fails because the Mortgage correctly identifies the mortgaged property using the lot number in a recorded subdivision. In Pennsylvania, the failure to use the correct street address in the property description does not negate the notice given by a properly recorded mortgage. The Plaintiff's allegation that the Note was satisfied in 2009 also fails because the allegation is unsupported by the Plaintiff's payment history.

       24. The legal points and authorities supporting the relief requested in this Motion are set forth in the accompanying *Memorandum of Law of Ditech Financial LLC in Support of its Motion to Dismiss Count I of Plaintiff's Complaint* (the "Brief in Support"), which is attached hereto as **Exhibit A**, and is incorporated by reference as if specifically set forth herein.

       WHEREFORE, for the foregoing reasons and those set forth more fully in the accompanying Brief in Support, Ditech respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, (i) dismissing Count I of the Complaint with prejudice for failure to state a claim upon which relief may be granted and (ii) granting such other and further relief as may be just and proper.

Dated:  September 29, 2017	Respectfully submitted,

                                                    REED SMITH LLP

By:   */s/  Maura P. Nuno*
       Maura P. Nuno, Esq. (PA I.D. No. 322880)
       225 Fifth Avenue, Suite 1200
       Pittsburgh, PA 15222
       Telephone:  (412) 288-3514
       Facsimile:  (412) 288-3063
       Email:  mnuno@reedsmith.com

*Counsel to Ditech Financial LLC*