Case 17-02159-GLT    Doc 21    Filed 03/28/18    Entered 03/28/18 16:00:34    Desc Main
Document    Page 1 of 9

FILED
3/28/18 3:55 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 16-22836-GLT |
| **FRED HARRIS, JR.** | Chapter 13 |
| *Debtor.* | |
| **FRED HARRIS, JR.,** | Adv. Proc. No. 17-2159-GLT |
| *Plaintiff,* | Related to Dkt. No. 8 |
| v. | |
| **DITECH FINANCIAL, LLC**, f/k/a **GREEN TREE SERVICING, LLC,** | |
| *Defendant.* | |

## MEMORANDUM ORDER

The Debtor, Fred Harris, Jr., commenced this adversary proceeding for the purpose of invalidating a mortgage lien asserted against his residential real property at 41 Highbury Road in Cheswick, Pennsylvania. Harris claims the lien is unenforceable because it misidentifies the property subject to the encumbrance. Ditech Financial LLC, the current holder of the lien, filed a motion to dismiss the adversary proceeding on the basis that Harris fails to state a claim for which relief can be granted. The matter is now before the Court for adjudication.

I.[1]

In June 2004, Harris obtained a loan from Bank of America, N.A. ("BOA") in the original principal amount of $90,000.[2] To secure his obligations, Harris executed a mortgage which purported to grant BOA a mortgage lien on certain real property he owned.[3] The mortgage was recorded with the Office of the Recorder of Allegheny County, Pennsylvania on June 30, 2004,[4] and a copy of the mortgage is attached to the *Complaint*. Ditech is the current holder of the mortgage.[5]

On July 31, 2016, Harris filed a voluntary petition for relief under chapter 13 of the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"). Harris's chapter 13 plan classified Ditech as the holder of a long-term continuing debt that would be cured and reinstated, but it provided no payments to Ditech on account of its claim having been "paid in full."[6]

---

[1] For the purpose of its review of the motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Civil Rules," incorporated herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")), the Court accepts as true all well-pleaded facts and allegations, and draws all reasonable inferences thereon in favor of the plaintiff. Bell v. Cheswick Generating Station, 734 F.3d 188, 193 n.5 (3d Cir. 2013). The Court observes, however, that most of the material facts in this matter are undisputed. Compare Dkt. No. 8 with Dkt. No. 17.

[2] See *Complaint to Determine Secured Status*, Dkt. No. 1 (the "Complaint") at ¶ 5; *Ditech Financial LLC's Motion to Dismiss Count I of Plaintiff's Complaint*, Dkt. No. 8 (the "Motion to Dismiss") at ¶¶ 4, 5; and *Response to Motion to Dismiss*, Dkt. No. 17 (the "Response") at ¶ 1.

[3] *Complaint* at ¶ 5; *Motion to Dismiss* at ¶ 6; *Response* at ¶ 1.

[4] *Complaint* at ¶ 5.

[5] The mortgagee's rights under the mortgage were assigned several times. In June 2013, BOA assigned the mortgage to Green Tree Servicing, LLC. In August 2015, Green Tree then merged with DT Holdings, LLC and Ditech Mortgage Corp., thereby causing the underlying mortgage to now be held by Ditech Financial, LLC. *Complaint* at ¶¶ 6, 7; see also *Motion to Dismiss* at ¶ 12; *Response* at ¶ 1.

[6] Bankr. Case No. 16-22836, Dkt. No. 17.

Ditech filed a timely proof of claim, asserting a secured claim in the amount of $139,919.48, with a prepetition arrearage of $64,189.86.[7] Ditech also objected to confirmation of the chapter 13 plan on the basis that it was underfunded.[8] Specifically, Ditech claimed that Harris failed to provide a means to cure the existing arrears as required by section 1322(b)(5) of the Bankruptcy Code.[9]

On August 2, 2017, Harris commenced this adversary proceeding to challenge the validity of the mortgage under section 506(a) of the Bankruptcy Code.[10] He claims it "misdescribed" the encumbered property as "251 Highbury Road, Cheswick, PA 15024," when the actual address is "41 Highbury Road."[11] The mortgage provides, in pertinent part, as follows:

> For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the COUNTY of ALLEGHENY:
>
> ALL THAT CERTAIN LOT OR PLACE OF GROUND SITUATE IN THE TOWNSHIP OF HARMAR, COUNTY OF ALLEGHENY AND COMMONWEALTH OF PENNSYLVANIA, BEING LOT NO. 251 IN CHAPOL DOWNS PLAN NO. 2 AS RECORDED IN THE RECORDER'S OFFICE OF ALLEGHENY COUNTY IN PLAN BOOK VOL. 73, PAGES 4, 5, AND 6.
>
> which currently has the address of 251 HIGHBURY ROAD, CHESWICK, Pennsylvania 15024.[12]

---

[7] Bankr. Case No. 16-22836, Claims Register No. 1-1; *Motion to Dismiss* at ¶ 12; *Response* at ¶ 1.

[8] Bankr. Case No. 16-22836, Dkt. Nos. 34, 51.

[9] Bankr. Case No. 16-22836, Dkt. Nos. 34, 51.

[10] See *Complaint*, Dkt. No. 1.

[11] Id. at ¶ 5; see also Audio Recording of Hearing Held in Courtroom A, November 7, 2017 at 1:45–1:46.

[12] Id. at Ex. A.

Harris claims these alleged defects render the entire mortgage defective to the point it can only be paid as general unsecured claim.[13] Nevertheless, Harris concedes that the mortgage contains an accurate identification of the lot and block number of "622-J-175."[14]

Harris also suggests the mortgage loan was paid in full. On November 20, 2009, Harris claims he provided a certified check in the amount of $69,658.65 to BOA to pay off the remaining balance owed on the loan.[15]

Ditech filed a motion to dismiss "Count 1" of the Complaint under Bankruptcy Rule 7012 and Civil Rule 12(b)(6).[16] Ditech seeks dismissal on the basis that, as a matter of law, an inaccurate street address cannot nullify an otherwise properly recorded mortgage that gives adequate notice of its lien. Harris opposed the motion to dismiss. After hearing oral argument on the matter, the Court deferred its ruling while the parties attempted to ascertain whether the alleged $69,658.65 payment to BOA was made. The parties subsequently filed a status report indicating that no progress had been made. Accordingly, this matter is ripe for disposition.

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157(b)(2)(K). Venue is proper in this district under 28 U.S.C. § 1408.

## II.

Under the United States Supreme Court's decision in Bell Atlantic Corp. v. Twombly,[17] dismissal of a complaint pursuant to Civil Rule 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements

---

[13]   Id. at ¶ 8.

[14]   Id. at ¶ 5; see also Complaint, Ex. A at p. 18.

[15]   Id. at ¶ 9.

[16]   Dkt. No. 8. The reference to "Count 1" is curious as the Complaint does not contain any such notation.

[17]   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007).

necessary to obtain relief under a viable legal theory of recovery. "[T]he allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting 'a claim to relief that is plausible on its face.'"[18] Here, the Court finds that Harris fails to raise sufficiently plausible factual allegations to justify a claim for relief under the statutory authority cited in the *Complaint*, thereby mandating dismissal of this adversary proceeding.

The *Complaint* asserts a claim for relief exclusively under 11 U.S.C. § 506(a), which provides:

> (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.[19]

By its very terms, section 506 is a valuation statute. It mandates a valuation of collateral for the purpose of distinguishing a creditor's secured claim from any unsecured claim it may have. Section 506(a) begins with the understanding that a creditor's claim is already "secured by a lien on property." Accordingly, a reviewing court must ascertain "the extent of the value" that exists to substantiate a secured claim.

---

[18] Shropshire v. Gidas, 2015 WL 4756371 at *1 (W.D. Pa. Aug. 11, 2015) (quoting Twombly, 550 U.S. at 570); see also Twombly, 550 U.S. at 563 n.8 ("A complaint states a claim where its factual averments sufficiently raise 'a reasonably founded hope that the [discovery] process will reveal relevant evidence to support the claim.'") (quoting Dura Pharmas., Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

[19] 11 U.S.C. § 506(a)(1). Section 506(a)(2) is not relevant to this matter.

Although drafted as a request for relief under section 506(a), the averments in the *Complaint* strike at the validity and enforceability of the mortgage. They do not challenge the value of Ditech's secured claim. Indeed, Harris even concedes that the first mortgage is "entirely secured."[20]

To the extent Harris seeks to utilize section 506 to invalidate the mortgage, his *Complaint* fails to state a viable cause of action. As noted by a preeminent treatise in bankruptcy law, "section 506 does not provide for the avoidance of liens."[21] Aside from the language in section 506(d), a party seeking to avoid a lien must pursue relief under the preferential transfer, fraudulent transfer, or other avoidance provisions contained within the Bankruptcy Code.[22] Although Harris did not seek relief under section 506(d), it would likewise be inapplicable to the current facts. Under section 506(d), a secured claim must be disallowed before the lien can be avoided.[23] In the absence of a pending objection, Ditech's proof of claim is currently deemed to be an allowed claim under 11 U.S.C. § 502(a). The holder of an allowed secured claim cannot have his lien avoided under section 506(d).

Even if Harris had referenced an appropriate statutory authority for relief, his *Complaint* would nevertheless fail as a matter of law because the property description contained within the mortgage is sufficient to put parties on notice of Ditech's lien. The nature and extent

---

[20]   Dkt. No. 1, ¶ 1.

[21]   4 COLLIER ON BANKRUPTCY ¶ 506.01 (16th ed. 2012); see also In re Orkwis, 457 B.R. 243 (Bankr. E.D.N.Y. 2011) ("§506(a) does not function as a lien stripping statute.").

[22]   Id; see generally 11 U.S.C. §§ 522, 544–549.

[23]   "Subsection (d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by a lien under Section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed." See H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 357 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6313; see also 4 COLLIER ON BANKRUPTCY ¶ 506.07 at 506–61 (16th ed. 2012); Boring v. Promistar Bank, 312 B.R. 789, 795 (W.D. Pa. 2004) ("[L]ien avoidance under Section 506(a) and (d) is based upon whether a lien is allowable under Section 502(a).").

6

of Ditech's interests in the real property are controlled by state law.[24] In this instance, Pennsylvania law applies because the real property is located within the Commonwealth of Pennsylvania and no party has cited to any other controlling authority.

Under Pennsylvania law, the legal effect of recording a mortgage is to give constructive notice of the rights conveyed under the mortgage.[25] But the notice is "only as good as the description of the property" contained within the recorded document.[26] When discrepancies exist within a legal description, the more precise description controls over the less specific.[27] Accordingly, a metes and bounds description controls when a street address is recited in the mortgage.[28]

The Court confronted a similar factual scenario in In re Wagner. There, the debtor and chapter 13 trustee jointly sought to avoid a mortgage lien because the mortgage contained a reference to an incorrect post office street address. Judge Agresti observed that under Pennsylvania law, an accurate and detailed legal description such as a metes-and-bounds survey can "trump" an erroneous mailing address. Although the property description within the challenged mortgage referenced the specific parcel number and incorporated a "metes and bounds legal description from a prior deed,"[29] Judge Agresti denied cross-motions for summary judgment because he could not determine, as a matter of law, the accuracy of the legal

---

[24]  See Butner v. United States, 440 U.S. 48, 55 (1979).

[25]  See 21 P.S. § 357.

[26]  In re Wagner, 353 B.R. 106, 119 (Bankr. W.D. Pa. 2006).

[27]  Id.

[28]  Id.

[29]  Id.

description without having a copy of the deed in the record.[30] Other courts have similarly held that a defect in the street address does not invalidate a mortgage.[31]

Here, the Court is not faced with a material factual issue that must be resolved in an evidentiary hearing. Harris admits he granted BOA a mortgage on his real property,[32] and the parties agree that the legal description of the real property within the mortgage is accurate.[33] There is no dispute that the cited lot and block number, development plan, or underlying legal description referenced within that plan are incorrect. The only inaccuracy within the mortgage is to an incorrect street address.[34] When confronted with this situation, Pennsylvania law dictates that the more specific description (such as the lot and block number and legal description contained within the plan at issue here) must control over an inconsistent street address. For this reason, the Court concludes that a typographical error on the number of the street address is insufficient, by itself, to invalidate Ditech's mortgage. The mortgage contains adequate additional information of the requisite detail to put third parties on notice of the mortgage once it was placed on the public record.

---

[30] Id. at 120.

[31] See In re Fedor, 2009 WL 1173047 at * 5 (Bankr. M.D. Pa. Apr. 30, 2009) ("[T]he mere allegation that the mortgage contains an address of a different property is insufficient to show that the recording did not provide sufficient notice that a mortgage was on the premises."); In re Dupell, 235 B.R. 783, 787 n.3 (Bankr. E.D. Pa. 1999) (noting that a bank's mortgage is not defective based on an inaccurate street address when the legal description contained metes-and-bounds details sufficient to obtain title insurance).

[32] See Dkt. No. 8, ¶ 6; Dkt. No. 17, ¶ 1.

[33] Audio Recording of Hearing Held in Courtroom A, November 7, 2017 at 1:45–1:46.

[34] The property must be inherently difficult to describe because both parties struggle to identify it with consistent accuracy. In his petition, Harris identifies the property as being located in "Cheswick, PA," but on three separate instances within his bankruptcy schedules, he indicates that it is located in "Clairton, PA." See Bankr. Case No. 16-22836, Dkt. Nos. 1, 18 (Schedules A/B, C, and D). Similarly, the motion to dismiss suggests (on two occasions) that BOA commenced a mortgage foreclosure action in Cambria County, even though the property is in Allegheny County.[34] See Dkt. No. 8 at ¶¶ 8, 9.

Harris's remaining allegation, that he satisfied the underlying debt through a lump sum payment, presents a factual issue that could not otherwise be determined at this stage of the proceeding. Nevertheless, since Harris cannot succeed on such claim under section 506(a), dismissal of the claim is warranted.

Based on the foregoing, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that:

1. The *Complaint to Determine Secured Status*, which seeks relief under section 506(a) of the Bankruptcy Code, is **DISMISSED with prejudice**.

2. Nothing in this *Order* shall prohibit Harris from asserting that the underlying debt owed to Ditech was satisfied in full (or in part) under such other legal authority as may be applicable.

Dated: March 27, 2018

GREGORY L. TADDONIO
UNITED STATES BANKRUTPCY JUDGE

Case administrator to mail to:
Debtor
Michael S. Geisler, Esq.
Maura P. Nuno, Esq.
Ronda J. Winnecour, Esq.
Office of the U.S. Trustee